UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
SCOTT MYERS,

                              Plaintiff,

      -v-                                            6:15-CV-553
                                                     (DNH/ATB)

CHARLES BUCCA, et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:

SCOTT MYERS
Plaintiff, *Pro se*

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Pro se plaintiff Scott Myers brought this civil rights action pursuant to 42 U.S.C. § 1983. On May 14, 2015, the Honorable Andrew T. Baxter, United States Magistrate Judge, advised by Report-Recommendation that four defendants be dismissed with prejudice, three defendants be dismissed without prejudice, and that plaintiff be given an opportunity to amend the complaint with respect to remaining defendant and to those defendants who were dismissed without prejudice. See ECF No. 5. Plaintiff submitted objections to the Report-Recommendation. See ECF No. 10. However, this Court adopted the Report-Recommendation in whole on November 10, 2015. See ECF No. 14. In response, plaintiff submitted a "Motion for Ruling on the Accrual" and a "Motion to Renew." See ECF No. 12; ECF No. 15. Plaintiff has further submitted a motion he characterizes as a "Petition to Pause Pending Related State Appeals." See ECF No. 19.

On December 7, 2015, Judge Baxter advised by Report-Recommendation that plaintiff's second amended complaint be accepted only as to defendant Rowell, and only insofar as it alleges malicious prosecution in Claim 3. See ECF No. 16. Plaintiff submitted objections and a "Motion to Bifurcate," seeking to "preserve objections for Appeal, answer the Order claim by claim, and move to separate, bifurcate, [defendant] Rowell . . . " from all other issues raised in his complaint. ECF No. 21, at 1.

In its de novo review, this court has considered plaintiff's various motions regarding accrual, reconsideration, staying the proceedings, and bifurcation. See ECF No. 12; ECF No. 15; ECF No. 19; ECF No. 21. The court construes the motions liberally and concludes that plaintiff's Motion for Ruling on Accrual relates to issues raised by the Motion to Renew, which is best characterized as a Motion for Reconsideration. Thus, these motions will be considered together pursuant to Federal Rule of Civil Procedure 59(e).

The party moving for reconsideration has a heavy burden. See Flaherty v. Filardi, 2009 U.S. Dist. LEXIS 22641, *26-27 (S.D.N.Y. Mar. 20, 2009). The standard for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Courts construe Rule 59(e) narrowly and apply it strictly in order "to avoid repetitive arguments on issues that have been fully considered by the court." Anglo Am. Ins. Grp. v. Calfed Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996). Additionally, the movant must demonstrate that "the Court has overlooked controlling decisions or factual matters that were

put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (citation and internal quotation marks omitted). Here, plaintiff has not identified new and intervening case law or overlooked factual issues. Plaintiff is simply unable to meet this burden. Thus, the Motion for Reconsideration must fail. See ECF No. 12; ECF No. 15.

Further, the Report-Recommendation addresses the issue of plaintiff's "Motion to Pause Pending Related State Appeals." ECF No. 16, at 28 n. 30. Judge Baxter correctly construed this motion as a Motion to Stay. Id. Because the collateral state court appeals are pending, the court cannot recommend staying any claims. Id. "[T]he reversal of plaintiff's conviction, while always possible, is purely speculative." Id. Therefore, plaintiff's Motion to Stay must also fail. See ECF No. 19.

Finally, as the Report-Recommendation is adopted in whole, plaintiff's motion to bifurcate defendant Rowell is rendered moot. Per the Report-Recommendation, plaintiff's second amended complaint is accepted only as to defendant Rowell with respect to the claim of malicious prosecution. See ECF No. 16. Thus, only the singular claim against Rowell will proceed and there is no need to bifurcate the claim. Accordingly, plaintiff's Motion to Bifurcate must fail. See ECF No. 21.

Based upon a de novo review of the Report-Recommendation to which plaintiff objected, the Report-Recommendation is accepted in whole. See 28 U.S.C. § 636(b)(1).

Therefore, it is ORDERED that:

1. Plaintiff's second amended complaint is accepted **ONLY** as against **DEFENDANT ROWELL**, and only insofar as it alleges **MALICIOUS PROSECUTION IN CLAIM 3**;

2. All remaining claims against all other defendants are **DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) FOR FAILURE TO STATE A CLAIM**;

3. Plaintiff's "Motion for Ruling on the Accrual" is **DENIED** (ECF No. 12);

4. Plaintiff's "Motion to Renew" is **DENIED** (ECF No. 15);

5. Plaintiff's "Petition to Pause Pending Related State Appeals" is **DENIED** (ECF No. 19); and

6. Plaintiff's "Motion to Bifurcate" is **DENIED** (ECF No. 21).

IT IS SO ORDERED.

United States District Judge

Dated: January 14, 2016
Utica, New York