UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
SCOTT MYERS,

                Plaintiff,

    -v-                                    6:15-CV-0553
                                          (DNH/ATB)

PATROLMAN ROWELL,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:                                  OF COUNSEL:

SCOTT MYERS
Plaintiff Pro Se
Peloke's Motel
1116 Rt. 23a, Room 19
Catskill, NY 12485

BAILEY, JOHNSON PC                    CRYSTAL R. PECK, ESQ.
Attorneys for Defendant
5 Pine West Plaza, Suite 507
Washington Avenue Extension
Albany, NY 12205

DAVID N. HURD
United States District Judge

## MEMORANDUM, DECISION and ORDER

**I.     INTRODUCTION**

Presently under consideration is: (a) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Patrolman Rowell ("Rowell" or "defendant") (ECF No. 42) and (b) a cross motion for Reconsideration filed by plaintiff Scott Myers ("Myers" or "plaintiff") (ECF No. 46).

**II.     FACTUAL BACKGROUND**

*Pro se* plaintiff Scott Myers brought this civil rights action pursuant to 42 U.S.C.

§ 1983.  He has since amended such complaint twice, with the July 17, 2015 Amended Complaint being the operative pleading (the "Amended Complaint").  See ECF No. 9.  On January 14, 2016, upon the recommendation of the Honorable Andrew T. Baxter, all claims contained in the plaintiff's Amended Complaint but for a malicious prosecution claim against defendant Rowell were dismissed.  See ECF No. 23.

With respect to such claim, the Amended Complaint indicates that Myers was arrested by Rowell on February 14, 2010 for Driving While Intoxicated ("DWI").  See Complaint, ECF No. 9, at 4-5.  Plaintiff alleges that Rowell fabricated probable cause to pull over plaintiff's vehicle.  Further, plaintiff alleges that defendant was not qualified or licensed to provide a "chemical test", did not perform a field sobriety test, did not provide plaintiff with Miranda warnings and lied about plaintiff's refusal to perform a breath test.  Defendant allegedly also lied about plaintiff's request for attorney representation and "made up" the sobriety results at the police station.

It is alleged that Myers was subsequent charged and convicted of DWI in Athens Town Court before Judge Constance Pazen on or about April 19, 2012.  However, the conviction was reversed by Columbia County Court Judge Richard M. Koweek in 2014 on speedy trial grounds pursuant to New York State Criminal Procedure Law § 30.30.

### III. LEGAL STANDARDS

*(A) Failure to State a Claim.*

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Dismissal is appropriate only where the plaintiff has failed to provide some basis for the allegations that support the elements of his claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face"). When considering a motion to dismiss, the pleading is to be construed liberally, all factual allegations are deemed to be true, and all reasonable inferences must be drawn in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

A pro se litigant's submissions are held to "less stringent standards than [those] drafted by lawyers." Haines v. Kerner. 404 U.S. 519, 520 (1972). Courts "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir.2007) (internal quotation marks and citation omitted). Nevertheless, this Court need not accept as true "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994). "[H]owever inartfully pleaded, a pro se complaint may not be dismissed under Rule 12(b)(6) unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Posr v. Court Officer Shield No. 207, 180 F.3d 409, 413-14 (2d Cir. 1999) (quoting Haines v. Kerner, 404 U.S. 519, 520-521 (1972)).

*(B) Reconsideration Standard.*

The party moving for reconsideration has a heavy burden. See Flaherty v. Filardi, 2009 U.S. Dist. LEXIS 22641, *26-27 (S.D.N.Y. Mar. 20, 2009). The standard for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Courts construe Rule 59(e) narrowly and apply it strictly in order "to avoid repetitive arguments on issues that have been fully considered by the court." Anglo Am. Ins. Grp. v. Calfed Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996). Additionally, the movant must demonstrate that "the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (citation and internal quotation marks omitted).

## IV.     **DISCUSSION**

Rowell argues that the Complaint fails to sufficiently state a cause of action for malicious prosecution, and therefore, the Complaint should be dismissed.

*(A) Sufficiency of Complaint.*

In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must establish the elements of a malicious prosecution claim under New York State law. See Swartz v. Insogna, 704 F.3d 105, 111 (2d Cir. 2013); Rohman v. New York City Transit Authority, 215 F.3d 208, 215 (2d Cir. 2000). "To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Manganiello v. City of New York, 612 F.3d 149, 160-61 (2d Cir. 2010). Plaintiff must also show that there was "a sufficient post arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Id.

Rowell asserts that the allegations contained in the Amended Complaint are insufficient to establish either the third or fourth requirements for a malicious prosecution claim.

(i) <u>Lack of Probable Cause</u>.

With respect to the third element of a malicious prosecution claim, the existence of probable cause is a complete defense to a claim of malicious prosecution in New York. <u>See</u> <u>Manganiello</u>, 612 F.3d at 161-62. Although a grand jury indictment gives rise to a presumption that probable cause exists, the presumption may be rebutted by evidence of wrongful acts on the part of police, including fraud, perjury, suppression of evidence or other police conduct undertaken in bad faith. <u>See</u> <u>Rentas v. Ruffin</u>, 816 F.3d 214, 220 (2d Cir. 2016); <u>Bermudez v. City of New York</u>, 790 F.3d 368, 377 (2d Cir. 2015). "[G]enerally in malicious prosecution actions alleging that a police officer provided false information to a prosecutor, what prosecutors do subsequently has no effect whatsoever on the police officer's initial, potentially tortious behavior." <u>Cameron v. City of New York</u>, 598 F.3d 50, 63 (2d Cir. 2010). As a result, a police officer may be held liable for initiating a baseless prosecution if he is a compelling witness whose false testimony prompts the prosecution. <u>See</u> <u>White v. Frank</u>, 855 F.2d 956, 961 (2d Cir. 1988).

In the Amended Complaint, Myers alleges that Rowell fabricated a reason to initiate a traffic stop, that plaintiff failed to use his turn signal. <u>See</u> ECF No. 9 at 4-5. Further, plaintiff states that defendant fabricated the results of the sobriety test. <u>Id</u>. at 6. Given the factual allegations contained in the Amended Complaint are required to be viewed as true, therefore, such allegations of police misconduct are sufficient to establish a lack of probable cause to support a malicious prosecution claim.

(ii) Actual Malice.

With respect to the fourth element, malice need not connote actual spite or hatred, but means only "'that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.'" Lowth v. Town of Cheektowaga, 82 F.3d 563, 572 (2d Cir. 1996) (quoting Nardelli v. Stamberg, 377 N.E.2d 975 (N.Y. 1978)). In most cases, the lack of probable cause, while not dispositive, "'tends to show that the accuser did not believe in the guilt of the accused, and malice may be inferred from the lack of probable cause.'" Id. (quoting Conkey v. State, 427 N.Y.S.2d 330, 332 (App. Div. 1980)); see also Rentas, 816 F.3d at 222 ("[A]ctual malice can be inferred when a plaintiff is prosecuted without probable cause.") Manganiello, 612 F.3d at 163 ("[A] lack of probable cause generally creates an inference of malice.").

As Myers has sufficiently pled a lack of probable cause to support a malicious prosecution, actual malice may be inferred at this point in the proceedings. Thus, the Amended Complaint sufficiently pleads actual malice for purposes of a malicious prosecution claim.

(iii) Favorable Termination.

Magistrate Judge Baxter's finding that a dismissal based upon speedy trial grounds generally qualifies as a termination in favor of the accused was adopted. See Decision & Order, ECF No. 23; Report-Recommendation, ECF No. 16 at 14. As a result, the reversal of Myers' DWI conviction on speedy trial grounds constituted a favorable termination for the purposes of his malicious prosecution claim. However, upon further reflection, such conclusion must be reconsidered.

Generally, "any final termination of a criminal proceeding in favor of the accused, such that the proceeding cannot be brought again, qualifies as a favorable termination for purposes

of a malicious prosecution action." Smith-Hunter v. Harvey, 734 N.E.2d 750, 754 (N.Y. 2000). An exception to this rule exists "where termination of a criminal prosecution is inconsistent with the innocence of the accused." Id. at 755. A termination is not favorable, for example, where a prosecution ends because of a compromise with the accused, or where the accused's own misconduct frustrates the prosecution's ability to proceed with the case. See Cantalino v. Danner, 754 N.E.2d 164, 168 (N.Y. 2001). While a plaintiff need not prove actual innocence in order to satisfy the favorable termination prong of a malicious prosecution action, the absence of a conviction is not itself a favorable termination. See Smith-Hunter at 734 N.E.2d at 756.

Generally, a dismissal based on speedy trial grounds qualifies under the malicious prosecution standard as a "termination in favor of the accused". See Posr v. Court Officer Shield No. 207, 180 F.3d 409, 417 (2d Cir. 1999); Murphy v. Lynn, 118 F.3d 938, (2d Cir. 1977). However, in Smith-Hunter, Posr and Murphy, the charges against the plaintiff were dismissed prior to trial as a result of the prosecution's inability or unwillingness to proceed, which was in violation of New York State Criminal Procedure Law § 30.30. See Smith-Hunter, 734 N.E.2d at 753; Posr, 180 F.3d at 413; Murphy 118 F.3d at 942.

The Second Circuit has explained its reasoning for such a conclusion by stating that "the accused should not be required to relinquish [his speedy trial] privilege in order to vindicate his right to be free from malicious prosecution." Posr, 180 F.3d at 418. Put in order words, the Court of Appeals was fearful that if a dismissal based upon speedy trial grounds was not a favorable termination, prosecutors that had violated the constitutional rights of the accused could simply purposely drag out such cases, which would then be dismissed on speedy trial grounds and any resulting malicious prosecution claims would be barred. "[A]n individual improperly charged with a criminal offense would be compelled to waive their speedy trial rights in order to

preserve a civil remedy" and "[t]he law should not required one who is maliciously accused to proceed to trial, incurring additional financial and emotional costs, as a prerequisite to recovery for malicious prosecution." Smith-Hunter, 734 N.E.2d at 758.

However, such concerns do not come into play when considering Myers' criminal proceeding. Plaintiff's criminal case did in fact go to trial, albeit approximately 732 days after charges were filed according to the complaint. <u>After trial, where plaintiff had the opportunity to cross examine the prosecution's witnesses and present his own case, he was convicted</u>.

In Martinez v. City of Schenectady, 761 N.E.2d 560 (N.Y. 2001), the New York Court of Appeals found that where a conviction was reversed not because of the plaintiff's lack of culpability, but because the evidence that formed the basis for the conviction was obtained pursuant to a faulty search warrant, there was plainly no favorable termination for purposes of malicious prosecution. See Martinez, 761 N.E.2d at 568. The Court determined that where guilt was proven beyond a reasonable doubt and reversal was required only on procedural grounds, plaintiff could not maintain a malicious prosecution claim. Id.

Similarly, in Romero v. State of New York, 742 N.Y.S.2d 806 (App. Div. 2002), the Appellate Division, Third Department found that a termination of a criminal proceeding was not a favorable one when the Court of Appeals overturned convictions for unlawful practice of law and petit larceny solely on the basis that the Attorney General lacked authority to prosecute the plaintiff.

According to the Complaint, Myers was convicted of DWI in the Athens Town Court in April 2012. His conviction was only subsequently reversed as a result of speedy trial violations. Like the facts in Martinez and Romero, plaintiff's criminal proceeding went to trial and resulted in a conviction. That conviction was later reversed, not as a result of anything that would

demonstrate a lack of culpability or a lack of merit concerning the criminal proceeding, but rather as a result of a delay in prosecution. A dismissal on speedy trial grounds "has been held to constitute a favorable termination because it implies a lack of reasonable ground for the prosecution." Vitellaro v. Eagle Ins. Co., 541 N.Y.S.2d 614, 615 (App. Div. 1989). <u>In plaintiff's case, no such implication can be made as the criminal proceeding went to trial and a conviction was obtained, conversely implying reasonable grounds for the prosecution</u>.

Therefore, the reversal of Myers' conviction on speedy trial grounds is "inconsistent with the innocence" of the plaintiff. As a result, the Amended Complaint fails to establish that the proceeding underlying the plaintiff's cause of action for malicious prosecution was terminated in his favor. Accordingly, defendant's motion to dismiss must be granted.

(b) <u>Motion to Reconsider</u>.

By order dated November 10, 2015, the recommendations of Magistrate Judge Baxter were adopted and Myers' false arrest claim stemming from his February 14, 2010 arrest was dismissed as barred by the statute of limitations. <u>See</u> Decision & Order, ECF No. 14, Report-Recommendation, ECF No. 5 at 24. Plaintiff then again included his false arrest claim in his Second Amended Complaint. Magistrate Judge Baxter again reiterated that such claim was barred by the statute of limitations and that no facts contained in the Second Amended Complaint would equitably toll such claim or otherwise change his findings. <u>See</u> ECF No. 16 at 13. Magistrate Judge Baxter's recommendation was adopted in their entirety. <u>See</u> ECF No. 23.

By his cross motion, Myers again seeks reconsideration of the dismissal of his false arrest on the grounds that such claim should be equitably tolled or that extraordinary circumstances excuse his delay in bringing such claim. However, plaintiff has failed to elicit any

facts which would alter the prior conclusion. Plaintiff is in fact seeking to relitigate an issue already decided. Therefore, his cross motion for reconsideration will be denied.

### IV. **CONCLUSION**

As Myers' Amended Complaint fails to establish that the underlying prosecution was terminated in his favor, he may not establish a malicious prosecution claim. Therefore, defendant Rowell's motion to dismiss will be granted. Plaintiff's motion to reconsider the prior dismissal of his false arrest claim will be denied. As a result, the complaint will be dismissed and the case will be closed.

Therefore, it is ORDERED that:

1. Defendant Rowell's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 42) is **GRANTED;**

2. Plaintiff's cross motion to reconsider (ECF No. 46) is **DENIED**;

3, The Amended Complaint is **DISMISSED IN ITS ENTIRETY**; and

4. The Clerk shall serve a copy of this Decision and Order upon plaintiff in accordance with the Local Rules.

The Clerk of the Court shall enter judgment and close the case.

IT IS SO ORDERED.

United States District Judge

Dated: June 13, 2017
Utica, New York