UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
SCOTT MYERS,

                          Plaintiff,

    -v-                                       6:15-CV-0553
                                                      (DNH/ATB)

PATROLMAN ROWELL,

                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:                                OF COUNSEL:

SCOTT MYERS
Plaintiff Pro Se
Rainbow Cabins and Motel
4930 Route 32, #16
Catskill, NY 12485

BAILEY, JOHNSON PC                   CRYSTAL R. PECK, ESQ.
Attorneys for Defendant
5 Pine West Plaza, Suite 507
Washington Avenue Extension
Albany, NY 12205

DAVID N. HURD
United States District Judge

**MEMORANDUM, DECISION and ORDER**

**I.**        **INTRODUCTION**

        Pro se plaintiff Scott Myers brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to a June 13, 2017 Memorandum, Decision and Order, plaintiff's second amended complaint was dismissed with prejudice for failing to state a claim. See June 13, 2017 Order, ECF No. 50. Plaintiff has since filed several submissions seeking to reconsider the prior decision and/or reopen his case. See Motion to Renew and Reargue, ECF No. 55; Motion for Amended Complaint, ECF No. 56; Letter Motion, ECF No. 61. Defendant has submitted an opposition to

the motions. See ECF No. 58. For the following reasons, each of plaintiff's motion will be denied.

II.     **LEGAL STANDARDS**

(a) *Reconsideration Standard*.

The party moving for reconsideration has a heavy burden. See Flaherty v. Filardi, 2009 U.S. Dist. LEXIS 22641, *26-27 (S.D.N.Y. Mar. 20, 2009). In general, a motion for reconsideration may only be granted upon one of three grounds: "(1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." Shannon v. Verizon N.Y., Inc., 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007) (Kahn, D.J.); see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). The standard for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Courts construe Rule 59(e) narrowly and apply it strictly in order "to avoid repetitive arguments on issues that have been fully considered by the court." Anglo Am. Ins. Grp. v. Calfed Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996).

(b) *Motion to Amend*.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). Subsection (b) of the Rule further provides that such a motion may be made "at any time, even after judgment." Fed. R. Civ. Pro. 15(b). However, where, as here, judgment has already been entered, a court should not consider a motion to amend the complaint "[u]nless there is a valid basis to vacate the

previously entered judgment." National Petrochemical Co. v. M/T Stolt Sheaf, 930 F.2d 240, 244–45 (2d Cir.1991).

### III.     DISCUSSION

The Court assumes the parties' familiarity with the background and procedural history of this action, and will recount only the background necessary for the disposition of the present motions. Myers commenced this action pursuant to 42 U.S.C. § 1983 for violations of his civil rights that allegedly occurred after he was arrested on the charge of driving while intoxicated. On January 14, 2016, upon the recommendation of the Honorable Andrew T. Baxter, all claims contained in the plaintiff's Second Amended Complaint were dismissed but for a malicious prosecution claim against defendant Rowell. On June 13, 2017, defendant Rowell's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) was granted and judgment was entered dismissing plaintiff's second amended complaint with prejudice. See Judgment, ECF No. 51.

(a) *Motion to Reconsider*.

In his filing, Myers reiterates most of the same arguments previously presented before Magistrate Judge Baxter and this Court and asserts that the prior decisions suffered from a clear error of law and resulted in manifest injustice. Myers seeks solely to relitigate issues already decided. He has not asserted an intervening change in law or the existence of evidence not previously available. Further, plaintiff has not shown the need to correct a clear error of law or prevent manifest injustice. As a result, his motion to reconsider will be denied.

(b) *Motion to Amend Complaint*.

Myers seeks leave to file an amended complaint in substantively the same form which has already been dismissed and seeks to add new defendants.

Myers presents no reason for amending or vacating this Court's prior ruling or the judgment against him. The Second Circuit has held that the mere desire to amend the complaint does not provide a sufficient justification for setting aside an otherwise valid judgment, particularly since plaintiff had ample opportunity to seek such an amendment earlier and did so amend his complaint twice before. See State Trading v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir.1990) ("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion [to grant leave to amend] more exactingly."). Accordingly, plaintiff's motion to amend will be denied.

### IV.   CONCLUSION

Therefore, it is ORDERED that:

1. Plaintiff's motion to renew and reargue (ECF No. 55) is **DENIED;**

2. Plaintiff's motion for an amended complaint (ECF No. 56) is **DENIED**;

3. Plaintiff's letter motion (ECF No. 61) is **DENIED**;

4. The Court will entertain no further applications for reconsideration of its prior orders; and

5. The Clerk shall serve a copy of this Decision and Order upon plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: March 22, 2018
       Utica, New York

United States District Judge